IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHALMERS A. SIMPSON, JR. <br> BEATRICE WILSON | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : <br> : | |
| THE CITY OF COATESVILLE <br> PENNSYLVANIA, et al. | : <br> : | NO. 12-4803 |

### MEMORANDUM

SLOMSKY, J.                                             AUGUST 23, 2012

      Chalmers A. Simpson, Jr., a prisoner incarcerated at the State Correctional Institution at Graterford, filed this civil rights action on behalf of himself and his fiancee, Beatrice Wilson, against the City of Coatesville, the Coatsville Police Department, and other defendants. Currently before the Court is Simpson's motion to proceed in forma pauperis. For the following reasons, the Court will deny the motion pursuant to 28 U.S.C. § 1915(g) without prejudice to Simpson reinstating the case by paying the filing fee. Furthermore, as Wilson has neither filed her own motion to proceed in forma pauperis nor signed the complaint, she will be dismissed as a party to this action without prejudice. See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991)(a pro se litigant who is not an attorney may not represent someone else in federal court); Williams v. Frame, 145 F.R.D. 65, 65-66 (E.D. Pa. 1992) (each pro se plaintiff must sign the complaint).

      According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal

1

in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied in forma pauperis status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). Simpson accumulated three "strikes" for purposes of 28 U.S.C. § 1915(g) at the time he filed this action. See Simpson v. Chester County Prison, E.D. Pa. Civ. A. No. 10-905 (Document Nos. 9 & 10) (dismissing Simpson's four amended complaints for failure to state a claim); Simpson v. Walmart Super Store, E.D. Pa. Civ. A. No. 09-6144 (Document Nos. 11 & 12) (dismissing claims as frivolous); Simpson v. Mariano, M.D. Pa. Civ. A. No. 95-1433 (Document No. 6) (dismissing action as frivolous).[1] Accordingly, Simpson may not proceed in forma pauperis unless he was in imminent danger of serious physical injury at the time he filed his complaint.

The complaint raises numerous constitutional claims against the City of Coatesville, the Coatesville Police Department, and several police officers, stemming from Simpson and his fiancee's alleged false arrest and false imprisonment, and Simpson's alleged malicious prosecution. The complaint also alleges a

---

[1]According to the docket, Simpson was incarcerated at the time he filed Simpson v. Mariano, M.D. Pa. Civ. A. No. 95-1433. That he was released five days later, see id. (Document No. 5), does not alter the fact that he was a prisoner within the meaning of the Prison Litigation Reform Act at the time he filed the complaint. See In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("If a litigant is a prisoner on the day he files a civil action, the PLRA applies.").

pattern of Fourth-Amendment abuses by the Coatesville police based on several instances in which Simpson was arrested dating back to 2007. However, nothing in the complaint suggests that Simpson was in imminent danger of serious physical injury at the time he filed this action. Accordingly, the Court will deny his motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> without prejudice to his reinstating this case by paying the filing fee. An appropriate order follows.