IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHALMERS A. SIMPSON, JR.,

                Plaintiff,

      v.

THE CITY OF COATESVILLE, et al.,

                Defendants.

CIVIL ACTION
NO. 12-4803

## OPINION

**Slomsky, J.**                                       **November 17, 2015**

## I.    INTRODUCTION

On January 26, 2015, Chalmers A. Simpson, Jr. ("Plaintiff") filed an amended pro se civil rights Complaint against the City of Coatesville, Corporal Larry E. Cooper, the Coatesville Police Department, the Chief of Police of the Coatesville Police Department, and "John Doe Short White Male Police Officer" (collectively "Defendants").  (Doc. No. 16.)  In the Amended Complaint, Plaintiff alleges constitutional violations under 42 U.S.C. § 1983 ("Section 1983"), state tort violations, and violations of state criminal statutes.  (Id.)  On March 12, 2015, Defendants filed a Motion to Dismiss the Complaint.  (Doc. No. 23.)  On April 15, 2015, Plaintiff filed a Motion to Deny Defendants' Motion to Dismiss.  (Doc. No. 28.)  Defendants' Motion to Dismiss is now ripe for disposition.[1]

---

[1]  In reaching its decision, the Court has considered the following: Plaintiff's Amended Complaint (Doc. No. 16); Defendants' Motion to Dismiss (Doc. No. 23); Plaintiff's Motion to Deny Defendants' Motion to Dismiss (Doc. No. 28); and the arguments made at a hearing on the Motion held on May 27, 2015 (Doc. No. 30).

II.     **BACKGROUND**

The following facts are taken from the Amended Complaint.  At 11:55 p.m. on December 21, 2011, Plaintiff and his fiancée were walking in the parking lot of the Regency Apartment Complex in Coatesville, Pennsylvania, when they were approached by Officer Chieffo of the Coatesville Police Department.  Officer Chieffo asked them if they had placed a 911 call.  Plaintiff and his fiancée responded that they had not, and Officer Chieffo let them "go free."  (Doc. No. 16 at 7.)

According to Plaintiff, Corporal Larry Cooper ("Cooper") and another unidentified officer[2] then exited their police vehicle and prevented Plaintiff and his fiancée from leaving the area.  (Id.)  Although Officer Chieffo informed his fellow officers that Plaintiff and his fiancée did not place the 911 call, Cooper and the other officer detained them.  Officer Cooper allegedly shouted at Plaintiff without provocation.  (Id. at 9.)  Plaintiff further alleges that Officer Cooper told him that he and his fiancée were now subjects of an investigation, but did not give them Miranda warnings prior to questioning them.  (Id.)  Plaintiff was taken into custody.  (Id.)

According to Plaintiff, his rights were repeatedly violated by the police and the presiding judge.  Judge Grover Koon allegedly issued a warrant for Plaintiff's arrest despite knowing that no probable cause existed.  (Id. at 13.)  Furthermore, Plaintiff was denied the right to a preliminary hearing within ten days of his arraignment.  (Id. at 12.)  Plaintiff claims that Judge Koon forged his signature in order to continue the preliminary hearing to January 9, 2012.  Charges against Plaintiff were eventually withdrawn by the District Attorney on May 10, 2012.  (Doc. No. 16 at 5.)

---

[2] Plaintiff refers to this unidentified officer as "John Doe" in his complaint.  (Doc. No. 16 at 3.)

The Amended Complaint filed in this case is the second one Plaintiff filed against Officer Cooper.  In it, Plaintiff contends that this arrest was a continuation of interactions he previously had with Officer Cooper.  Since 2007, Plaintiff has been arrested seven times by the City of Coatesville Police Department; "most of the charges were dismissed."  (Doc. No. 30 at 12-13.)

Plaintiff filed the initial Complaint and an Application to Proceed In Forma Pauperis with this Court on August 21, 2012.  (Doc. No. 1.)   On August 23, 2012, the Court denied Plaintiff's request, allowing him thirty days to pay the $350 filing fee.  (Doc. No. 3.)  On September 5, 2012, Plaintiff requested a six- to nine-month extension of time to pay the filing fee.  (Doc. No. 4.)  The Court denied this request, but extended the deadline for payment to November 30, 2012. (Doc. No. 5.)  Thereafter, Plaintiff again requested an extension, and the Court extended the deadline for payment to February 16, 2013.  (Doc. Nos. 7, 8.)  On February 28, 2013, after Plaintiff requested a third extension, the Court denied Plaintiff's request and dismissed the case without prejudice for failure to pay the filing fee.  (Doc. Nos. 9, 10.)

On November 24, 2014, Plaintiff filed a Motion to Reopen the Case, which the Court denied on December 4, 2014 for failure to pay the filing fee.  (Doc. Nos. 12, 13.)  Plaintiff again moved to reopen the case on December 18, 2014.  (Doc. No. 14.)  Plaintiff paid the filing fee on the same day.  On January 6, 2015, the Court granted Plaintiff's request and ordered that the case be reopened.  (Doc. No. 15.)  On January 26, 2015, Plaintiff filed an Amended Complaint,[3] and

---

[3] In his Amended Complaint, Plaintiff requests the following:

> . . . a judgment in the amount of $20,000,000.00 against Cpl. Larry E. Cooper, City of Coatesville, Coatesville Police Dept. Chief of Police and John Doe Police Officer to be awarded for false arrest, unlawful restraint, false imprisonment, malice, malicious prosecution, malicious abuse of power, abuse of process, cruel and unusual punishment, loss wages, loss of income which plaintiff would have received if still employed and income which he would have received in the future, retaliation, harassment, course of conduct, criminal coercion, violation of his

on March 12, 2015, Defendants filed a Motion to Dismiss.  (Doc. Nos. 16, 23.)  Plaintiff filed a

response to Defendants' Motion on April 15, 2015.  The Court held a hearing on the Motion on

May 27, 2015 (Doc. No. 30).

For reasons that follow, the Court will grant Defendants' Motion to Dismiss.

### III.    STANDARD OF REVIEW

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set

forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  After Iqbal, it is clear that "threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements do not suffice" to

defeat a Rule 12(b)(6) motion to dismiss.  Id. at 663; see also Bell Atl. Corp. v. Twombly, 550

---

fourth and fourteenth amendment rights, due process of law rights, perjury, false swearing, unsworn falsification to authorities, emotional distress, denied the basic human needs, placed in debt, emotional stress, loss of home, property, loss time with children, injury to family, depression, mental stress and being placed into poverty, pain and suffering, chronic pain in legs, night mares which continues on going, poor sleep, sleep disorder, pain which he suffers and continue to suffer as a result of the incarceration.

$10,000,000.00 to be awarded from Cpl. Larry E. Cooper, Coatesville Police Dept. and John Doe Short White Police Officer for false arrest, malicious prosecution and false imprisonment, assault, abuse of power, cruel and unusual punishment, illegal search and seizure, violation of Fourth and Fourteenth Amendment rights, denied plaintiff the right to be free.

$500,000.00 against Cpl. Larry E. Cooper for false arrest, malicious prosecution, false imprisonment, Stalking and harassment, assault, abuse of power, false statements on a complaint form.  Violation of the Warrant procedure, false reports and false swearing.

$200,000.00 against John Doe Short White Male Police Office [sic] for failing to come to plaintiff(s) aid in his time of need.

And $500,000.00 against the Coatesville Police Dept. for deny plaintiff the right to file a Private Criminal Complaints from 2002 to the present against its police officers, allowing its officers to retaliate against Plaintiff, stalk and harass plaintiff, assault plaintiff, violate plaintiff rights, failure to help plaintiff in his time of need.

(Doc. No. 16 at 31.)

U.S. 544 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  <u>Ethypharm S.A. France v. Abbott Labs.</u>, 707 F.3d 223, n.14 (3d Cir. 2013) (citing <u>Sheridan v. NGK Metals Corp.</u>, 609 F.3d 239, n.27 (3d Cir. 2010)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>

When determining whether a claim is plausible, a district court may also consider any affirmative defenses raised by the moving party.  "Technically, the Federal Rules of Civil Procedure require that affirmative defenses be pleaded in the answer."  <u>Robinson v. Johnson</u>, 313 F.3d 128, 135 (3d Cir. 2002) (citing Fed. R. Civ. P. 12(b)).  However, the so-called "Third Circuit Rule" allows affirmative defenses to be raised in a 12(b)(6) motion.  <u>Id.</u>; <u>see also</u> <u>Ball v. Famiglio</u>, 726 F.3d 448, 459 n.16 (3d Cir. 2013) <u>cert.</u> <u>denied</u>, 134 S. Ct. 1547 (U.S. 2014) ("[A] number of affirmative defenses that are not listed in Rule 12(b) [can] still be made by motion, provided that the basis of the defense [is] apparent on the face of the complaint."); <u>Bethel v. Jendoco Const. Corp.</u>, 570 F.2d 1168, 1174 (3d Cir. 1978) ("[A]n affirmative defense may be raised on a 12(b)(6) motion if the predicate establishing the defense is apparent from the face of the complaint.").  For instance, a statute of limitations defense may be raised in a motion to dismiss if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  <u>Robinson</u>, 313 F.3d at 135 (quoting <u>Hanna v. U.S. Veterans' Admin. Hosp.</u>, 514 F.2d 1092, 1094 (3d Cir. 1975)).

## IV.    ANALYSIS

In his Amended Complaint, Plaintiff alleges various constitutional violations, as well as state tort and criminal violations.  The Court will address each seriatim, after a brief explanation of the procedural posture of the case.

### 1.   Effect of Dismissal Without Prejudice on Statute of Limitations Analysis

The parties disagree about the applicable filing date of the Complaint.  Plaintiff submits that the Amended Complaint was filed within the statute of limitations period, and Defendants argue that the Amended Complaint was filed outside the limitations period.  (Doc. No. 28 at 1; Doc. No. 23 at 4.)

Plaintiff cites Yesh Music v. Lakewood Church for the proposition that a district court can vacate a prior dismissal without prejudice.[4]  727 F.3d 356 (5th Cir. 2013).  In Yesh Music, the plaintiff filed a copyright infringement complaint which he later dismissed without prejudice. He then filed a motion to vacate his voluntary dismissal under Rule 60(b).  727 F.3d at 358.  The district court granted the plaintiff's motion and the Fifth Circuit affirmed, reasoning that a voluntary dismissal without prejudice is a "final proceeding" under Rule 60(b), and therefore may be vacated.  Id. at 363.  The context of Yesh Music is quite different from this case.  The holding in Yesh Music applied to voluntarily dismissals by plaintiffs; in this case, the Court dismissed the case.  Even if Yesh directly applied to this case—which it does not—this Court is not bound by a decision of the Fifth Circuit.

The Third Circuit has held that the dismissal of a complaint without prejudice does not toll the statute of limitations because "the original complaint is treated as if it never existed." Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005).  Therefore, the Court will treat the August 21, 2012 Complaint as though it never existed, and will treat the January 26, 2015 Amended Complaint as the operative complaint.

---

[4]   Plaintiff's argument is not clear, but the Court construes it to be that the Court should vacate its February 28, 2013 dismissal of Plaintiff's first complaint so as to reinstate the August 21, 2012 Complaint as the operative complaint in this case.  (Doc. No. 16.)

### 2. Plaintiff's Tort Claims Are Time-Barred

Plaintiff alleges various state tort claims against Defendants: false arrest, unlawful restraint, false imprisonment, malicious prosecution, "malicious abuse of power," abuse of process, retaliation, harassment, and "emotional distress." (Doc. No. 16 at 31.) These claims are governed by Pennsylvania's statute of limitations, and they will be dismissed because they are time-barred.[5]

Under Pennsylvania law, tort actions must be commenced within two years. 42 Pa. Cons. Stat. Ann. § 5524(7) (West 2014) (providing that an action for injury to person or property founded upon negligent, intentional, or other tortious conduct must be commenced within two years). As a general rule, "the statute of limitations begins to run as soon as the right to institute and maintain the suit arises." Sevast v. Kakouras, 915 A.2d 1147, 1153 (Pa. 2007). This determination must also consider the extent of plaintiff's knowledge of the event. Crouse v. Cyclops Indus., 745 A.2d 606, 611 (Pa. 2000) (holding that the statute is tolled until the plaintiff knows or reasonably should know of the event). The commencement of the statute of limitations period can only be decided as a matter of law "where the facts are so clear that reasonable minds cannot differ . . . ." Id. (emphasis in original).

---

[5]  Plaintiff attempts to skirt the two-year statute of limitations by repeatedly contending that these claims continue through the present. (See, e.g., Doc. No. 16 at 25) ("Between 2007 thru [sic] the present Plaintiff has been subject to being searched, seized, and retaliated against, and DENIED HIS right to be secured in HIS person, houses, papers, and effects from all of the unreasonable arrests."). Plaintiff states in the Amended Complaint that he was confined until July 13, 2013. (Doc. No. 16 at 31.) However, he also acknowledges that the charges arising from the December 21, 2011 arrest were withdrawn by the District Attorney on May 10, 2012. Most of Plaintiff's allegations are based on events occurring between December 2011 and February 2012. Based on Plaintiff's recitation of the facts and the state criminal docket, any civil violations by Defendants would have ended for statute of limitations purposes on May 12, 2012, when the District Attorney withdrew the remaining claims against Plaintiff. (Doc. No. 16 at 31; Doc. No. 23-1 at 40.)

For purposes of calculating the statute of limitations, the Court must examine the timeline of events giving rise to Plaintiff's injuries.  As described in the Amended Complaint, the events giving rise to the alleged injuries occurred between Plaintiff's arrest on December 21, 2011, and the withdrawal of charges on May 10, 2012.[6]   (Doc. No. 16 at 7, 31.)  The Court assumes that Plaintiff was aware of his alleged injuries when they occurred, since there is no evidence to the contrary.  Based on the timeline of events, the latest possible time that the statute of limitations could begin to run was on May 10, 2012, the date that the charges were withdrawn by the District Attorney.  This event took place two years and eight months before Plaintiff filed the Amended Complaint on January 26, 2015.  (Doc. No. 16.)

Consequently, Plaintiff's tort claims are time-barred.

### 3.  Plaintiff's constitutional claims are time-barred

In addition to state law violations, Plaintiff alleges violations of his Fourth, Sixth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983.   (Doc. No. 16 at 8.)  Furthermore, he contends that he was improperly interrogated without first being Mirandized.  (Id. at 9.)  He also claims that Judge Koon issued a warrant for his arrest without probable cause, but Judge Koon is not named as a defendant in the Amended Complaint.[7]   Finally, Plaintiff asserts that "[t]he City of Coatesville and the Coatesville Police Department should be liable under 42 U.S.C. § 1983 for the unconstitutional action of their employees, by failure to train and supervise them."  (Doc. No. 16 at 29.)

---

[6]  Defendants attached to their Motion to Dismiss the criminal docket with the relevant charges, which indicates that the last of these charges were withdrawn on May 10, 2012.  (Doc. No. 23-1 at 36-40.)

[7]  Plaintiff also alleges that Judge Koon forged his signature.  (Doc. No. 16 at 16.)  He requests that this Court report Judge Koon to the Judicial Board and that he be ordered to "step down from His position."  (Id.)  Because Judge Koon is not named as a defendant in this case, the Court will not consider these allegations.

The United States Supreme Court has held that all Section 1983 actions are classified as claims for personal injury for the purposes of determining the state statute of limitations period. Wilson v. Garcia, 471 U.S. 261, 270 (1985).  In Pennsylvania, then, a two-year statute of limitations applies for alleged violations of constitutional rights.  Wallace v. Fed. Employees of U.S. Dist. Court, EDPA, 325 F. App'x 96, 100 (3d Cir. 2009) (citing Kost v. Kozakiewicz, 1 F.3d 176, 189 (3d Cir. 1993)).

Because Plaintiff alleges violations of his constitutional rights pursuant to Section 1983, these claims are subject to the same analysis as his tort claims.  Therefore, the two-year statute of limitations governing tort claims also applies to these claims.  The latest that the statute of limitations could have begun to run was May 10, 2012, when the relevant charges were dismissed.  Plaintiff filed the Amended Complaint on January 26, 2015—more than two years and eight months later.  (Doc. No. 16.)  Accordingly, Plaintiff's constitutional claims also are barred by the statute of limitations.[8]

### 4.  This Court Does Not Have Jurisdiction to Decide Plaintiff's Criminal Claims

In addition to alleged tort law and constitutional violations, the Complaint alleges violations of six Pennsylvania criminal statutes.  The statutes that Defendants allegedly violated are: 18 Pa. Cons. Stat. § 4902 (perjury); 18 Pa. Cons. Stat. § 4903 (false swearing); 18 Pa. Cons. Stat. § 4904 (unsworn falsification to authorities); 18 Pa. Cons. Stat. § 2709 (stalking and

---

[8]  Defendants offer additional arguments in favor of dismissal of the tort claims and the constitutional claims.  (Doc. No. 23.)  They contend that Plaintiff fails to state plausible Section 1983 and Monell failure to train claims.  (Id. at 9-10; 13-15.)  They further contend that claims against Officer Cooper fail because he is entitled to qualified immunity.  (Id. at 11-13.)  Because these claims fall outside the statute of limitations, the Court need not consider Defendants' additional arguments.

harassment); 18 Pa. Cons. Stat. § 2717 (terrorism); and 18 Pa. Cons. Stat. § 2906(a) (criminal coercion).[9]

 "Generally, a criminal statute does not give rise to civil liability." Frank B. Fuhrer Wholesale Co. v. MillerCoors LLC, No. CIV. A. 13-1155, 2013 WL 5875819, at *5 (W.D. Pa. Oct. 30, 2013) (citing Brett v. Brett, 503 Fed. App'x 130, 132 (3d Cir. 2012)).  The statutes cited by Plaintiff do not provide for a private right of action, nor is there anything in their language or structure suggesting that Congress intended to create one.  Moreover, they do not otherwise satisfy the criteria required by Pennsylvania courts when a statute does not expressly provide for a private cause of action.  See Alfred M. Lutheran Distributors, Inc. v. A.P. Weilersbacher, Inc., 437 Pa. Super. 391, 399, 650 A.2d 83, 87 (1994) (explaining that courts look to: (1) whether the statute creates a right in favor of the plaintiff; (2) whether there is an indication of legislative intent to create or deny a civil remedy; and (3) whether such a remedy is consistent with the underlying purposes of the legislative scheme); see also Strunk v. Wells Fargo Bank, N.A., 614 F. App'x 586, 589 (3d Cir. 2015) (determining there is no private cause of action for unsworn falsification to authorities); Sarpolis v. Tereshko, 26 F. Supp. 3d 407, 418 (E.D. Pa. 2014) (finding no private cause of action for perjury); Bros. v. Lawrence Cnty. Prison Bd., No. CIV. A. 06-1285, 2008 WL 146828, at *15 (W.D. Pa. Jan. 14, 2008) (no civil remedy for harassment); Barnes v. City of Coatesville, No. CIV. A. 93-1444, 1993 WL 259329, at *6 (E.D. Pa. June 28, 1993) aff'd, 60 F.3d 813 (3d Cir. 1995) (no civil remedy for false swearing).

 The only available avenue for Plaintiff with regard to these claims is to pursue criminal prosecution.  Plaintiff previously contacted both the Coatesville District Attorney and the

---

[9] In the Amended Complaint, Plaintiff also requests that the Court issue an injunction ordering the City of Coatesville and the Coatesville Police Department to "order their employees to refrane [sic] from arresting Plaintiff and his Fiancee Beatrice Wilson for know [sic] reason." (Doc. No. 16 at 21.)

Attorney General of Pennsylvania to urge them to prosecute Defendants under these statutes. (Doc. No. 16 at 27; Doc. No. 30 at 19.)  The government declined to do so.  (<u>Id.</u>)

Because the criminal statutes cited by Plaintiff do not provide a civil remedy, this Court does not have jurisdiction to decide these claims.

**V.      CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss will be granted.  An appropriate Order follows.